IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
BRONX DIVISION

**Cheyenne Belanger**,
Plaintiff,

v.

**CAPITAL ONE, N.A.,**
Defendant.

## 26 CV 2730

Civil Action No. _____

2026 APR -2  PM 1: 06
RECEIVED SDNY PRO SE OFFICE

### COMPLAINT

Plaintiff, proceeding pro se, for her Complaint against Defendant Capital One, N.A.

("Defendant"), alleges as follows:

### INTRODUCTION

1. This action arises from Defendant's willful and negligent furnishing of inaccurate, incomplete, and misleading information to consumer reporting agencies and its failure to conduct a reasonable investigation after receiving notice of disputes, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. The FCRA requires furnishers of information to ensure that all information reported is accurate, complete, and not misleading, and to correct or delete information that cannot be verified.

3. Defendant violated these duties by reporting internally inconsistent, incomplete, and unsupported information and by continuing to report such information after being placed on notice of the inaccuracies.

4. Defendant's conduct reflects a reckless disregard for its statutory obligations and demonstrates a failure to ensure maximum possible accuracy.

5. As a direct result of Defendant's conduct, Plaintiff suffered harm, including damage to her credit reputation and emotional distress.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p because this action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

7. Defendant is subject to personal jurisdiction in this District because it regularly conducts business within this District and furnished information that caused harm to Plaintiff in this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in this District, and Plaintiff resides in Bronx, New York 10458.

## PARTIES

9. Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Defendant Capital One, N.A. is a furnisher of information to consumer reporting agencies and is subject to the duties imposed under 15 U.S.C. § 1681s-2(b).

## FACTUAL ALLEGATIONS

11. Defendant furnished information to one or more consumer reporting agencies regarding an alleged account associated with account number ending in 517-805-84XXX.

12. Defendant represented this account as accurate, complete, and a valid obligation owed by Plaintiff.

2

13. At all relevant times, Defendant had a duty to ensure that all information it furnished was accurate, complete, and not misleading, and to update and correct any information that was found to be inaccurate or incomplete.

14. Defendant reported that the date of first delinquency on the account was December 28, 2021.

15. However, the same account reflects that payments for December 2021 were reported as "on-time."

16. This creates a direct internal inconsistency, as an account cannot simultaneously be current and delinquent during the same reporting period.

17. Such contradictory reporting renders the account inaccurate and materially misleading.

18. Defendant also reported a date of last payment of July 2, 2024.

19. However, the 24-month payment history associated with the account fails to reflect any corresponding payment activity for that time period.

20. The absence of any supporting payment history renders the reported date of last payment incomplete and incapable of verification.

21. The failure to include a complete and consistent payment history prevents the Plaintiff and any third party from determining the true status of the account.

22. These inconsistencies create a materially misleading representation of Plaintiff's creditworthiness.

23. Accurate reporting of both the date of first delinquency and payment history is critical under the FCRA, as these dates directly impact how long negative information may remain on a consumer's credit report.

24. Defendant's inconsistent and incomplete reporting creates a substantial risk of improper re-aging of the account, which can unlawfully extend the reporting period of negative information.

25. Plaintiff disputed the inaccurate and incomplete reporting through consumer reporting agencies on January 13, 2026 and February 25, 2026.

26. Plaintiff also sent a direct written notice to Defendant specifically identifying the inaccuracies and requesting correction and verification.

27. These disputes provided Defendant with clear and specific notice that the information it was reporting was inaccurate, incomplete, and not capable of verification.

28. Upon receiving notice of the disputes, Defendant was required under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation.

29. A reasonable investigation requires more than a cursory or automated review and requires the furnisher to examine underlying records and resolve any inconsistencies.

30. Defendant failed to conduct a reasonable investigation.

31. Defendant failed to review all relevant information provided by Plaintiff.

32. Defendant failed to reconcile the contradiction between the reported date of first delinquency and the reported on-time payment status.

33. Defendant failed to verify the accuracy of the reported date of last payment.

34. Defendant failed to obtain or review underlying documentation sufficient to substantiate the reported information.

35. Defendant failed to correct or delete inaccurate and incomplete information.

36. Defendant failed to provide the method of verification or disclose the procedures used to determine the accuracy of the account.

4

37. Defendant continued to furnish the disputed information as accurate despite the presence of clear inconsistencies.

38. Had Defendant conducted a reasonable investigation, it would have discovered that the information it was reporting was internally inconsistent, incomplete, and not capable of verification.

39. Instead, Defendant continued reporting the information with reckless disregard for its accuracy and completeness.

40. Defendant's conduct demonstrates a pattern and practice of failing to ensure maximum possible accuracy in the information it furnishes.

41. As a direct and proximate result of Defendant's conduct, Plaintiff suffered harm, including damage to her credit reputation, denial of credit opportunities, and emotional distress.

## COUNT I

### Violation of 15 U.S.C. § 1681s-2(b)

42. Plaintiff incorporates all preceding paragraphs.

43. Defendant, as a furnisher of information, had a duty to conduct a reasonable investigation upon receiving notice of Plaintiff's disputes.

44. Defendant failed to conduct a reasonable investigation.

45. Defendant failed to review all relevant information.

46. Defendant failed to verify the accuracy of the reported information.

47. Defendant failed to correct or delete inaccurate and incomplete information.

48. Defendant continued to report inaccurate, incomplete, and misleading information.

49. A reasonable investigation requires a meaningful review of underlying data and cannot consist solely of confirming previously reported information.

50. Courts have held that furnishers may be held liable when they fail to conduct a meaningful investigation, including *Johnson v. MBNA America Bank, N.A.*

51. Defendant's conduct was willful and/or negligent in violation of 15 U.S.C. § 1681s-2(b).

### DAMAGES

52. As a direct and proximate result of Defendant's conduct, Plaintiff suffered substantial harm.

53. Plaintiff experienced damage to her credit reputation and a reduction in her overall creditworthiness.

54. Plaintiff was hindered in her ability to obtain credit and financial opportunities.

55. Plaintiff suffered emotional distress, frustration, embarrassment, and anxiety due to the continued reporting of inaccurate information.

56. Defendant's conduct exposed Plaintiff to the risk of improper re-aging, which could unlawfully extend the reporting period of negative information.

57. Defendant's violations were willful, entitling Plaintiff to statutory and punitive damages pursuant to 15 U.S.C. § 1681n.

58. Alternatively, Defendant's violations were negligent, entitling Plaintiff to actual damages pursuant to 15 U.S.C. § 1681o.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award actual damages;

B. Award statutory damages;

C. Award punitive damages;

D. Order deletion of the inaccurate account;

E. Award costs and any allowable fees;

F. Grant such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully Submitted,**

Cheyenne Belanger

Plaintiff, Pro Se

2475 Southern Blvd Apt 3A

Bronx, NY 10458

Email: cbelanger86@yahoo.com

Tel: 3472176973

Date