UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHEYENNE BELANGER,

Plaintiff,

-against-

CAPITAL ONE, N.A.,

Defendant.

26-CV-2730 (DEH)

ORDER OF SERVICE

DALE E. HO, United States District Judge:

Plaintiff, who resides in Bronx County, New York, brings this action *pro se*. Plaintiff asserts claims for alleged violations of her rights under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). By order dated June 11, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to assistance from the court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall

[1] Although the summons and complaint generally must be served within 90 days of the date the complaint is filed, *see* Fed. R. Civ. P. 4(m), Plaintiff proceeds IFP and could not effect service until the Court reviewed the complaint and ordered that any summonses issue. The Court therefore extends the time to serve until 90 days after the date a summons issues.

If the complaint is not served within 90 days from the date the summons issues, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Capital One, N.A., through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons for Defendant and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is instructed to issue a summons for Defendant Capital One, N.A., complete the USM-285 form with the address for Defendant, and deliver to the U.S. Marshals Service all of the documents necessary to effect service.

Plaintiff may consent to accept service by email, instead of postal mail, of documents in this case by completing the form, Consent to Electronic Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:
New York, New York

DALE E. HO
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

1. Capital One, N.A.
   299 Park Avenue
   New York, NY 10171

   Capital One, N.A.
   1680 Capital One Drive
   McLean, VA 22102